FILED
2008 Aug-20 AM 10:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2008 AUG 19 PM 3:34
.... COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| JESSICA ALENA SMITH, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>APPLE, INC., a California corporation;<br><br>        Defendant. | Case No.<br><br>CV-08-AR-1498-S |

## CLASS ACTION COMPLAINT

### DEFINITIONS

1. As used herein, the phrase "Defective iPhone 3G" shall refer to Apple, Inc.'s electronic device designed, manufactured and sold as a mobile phone, iPod and internet communications device with desktop-class email, web browsing, GPS functionality, maps and searching. Additionally, the Defective iPhone 3G differed from its predecessor, the iPhone, in that it included a new wireless communication protocol and standard, 3G.

### PARTIES

2. Plaintiff purchased a Defective iPhone 3G in or around the Summer of 2008. Plaintiff incurred significant monetary and non-monetary damages as a result of the Defendant's conduct complained of herein. Plaintiff is a resident of the State of Alabama and maintains her residency at 1321 15th Avenue South, Birmingham, Alabama 35205.

Smith, et al v. Apple, Inc.     Doc. 1

3. Apple, Inc., operating under the fictitious name of Apple Computer, Inc. in Alabama, is a California corporation that maintains its headquarters at 20525 Mariana Avenue, M/5 28C, Cupertino, California 95014 has done business throughout the United States and in the State of Alabama at all times relevant to this lawsuit.

4. The acts charged in this Complaint have been done by Defendant or were authorized, ordered or done by its officers, agents, employees or representatives while actively engaged in the management of Defendant's business or affairs and were acting within the scope and course of their authority as such agents, principals, employees, servants, partners, joint venturers, and representatives, and were acting with the permission and consent of each other.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332(d)(2) because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this Judicial District

## FACTUAL ALLEGATIONS

7. Defendant Apple, Inc. holds itself out to the public as a

manufacturer of cutting-edge consumer electronics.

8. In or around the Summer of 2007, Apple, Inc. began marketing and put out for consumption the iPhone. The iPhone is an electronic device designed, manufactured and sold as a mobile phone, iPod and internet communications device with desktop-class email, web browsing, maps and searching.

9. In or around the Summer of 2008, Apple, Inc. began marketing and put out for consumption the Defective iPhone 3G.

10. The release for consumption of the Defective iPhone 3G was preceded and followed by an aggressive marketing campaign, which included radio, television and paper advertisements.

11. In said advertisements, Defendant makes numerous express warranties about the quality and compatibility of the 3G protocol or standard included in the phone; for example, Defendant claims that the device is "twice as fast" as its predecessor.

12. One could barely turn on the television without hearing that the new iPhone 3G was "twice as fast for half the price".

13. In conjunction with each sale, the Defendant marketed, advertised and warranted that the Defective iPhone 3Gs were fit for the ordinary purpose for which such goods were used – receiving telephone calls, GPS device, browsing the internet, email, and other data streams or sources at 3G speeds.

14. Defendant manufactured, marketed, advertised, warranted and sold, either directly or through their authorized distribution channels, the Defective

iPhone 3Gs.

15. Defendant manufactured and distributed the Defective iPhone 3Gs intending that consumers would purchase, regardless of place of purchase, or the location where customers actually use them. The Defective iPhone 3Gs were placed into the stream of commerce, distributed, and, ultimately, offered for sale and sold to Plaintiff, as well as purchasers in Alabama and the United States.

16. Defendant intended for customers to believe its statements and representations about the Defective iPhone 3Gs, and to trust that the device was "twice as fast at half the price".

17. In or around the Summer of 2008, Plaintiff Jessica Alena Smith purchased a Defective iPhone 3G. Said device was purchase at the Apple Store located at 217 Summit Boulevard, Space F1, Birmingham, Alabama 35243.

18. Immediately after purchase, Plaintiff soon noticed that her internet connection, receipt and sending of email, text messages and other data transfers through the device were slower than expected and advertised. Plaintiff was familiar with the speeds at which the previous the iPhone operated. The Defective iPhone 3G appeared to connect to the 3G standard and protocol less than 25% of the time. Additionally, Plaintiff experienced an inordinate amount of dropped calls.

19. Said failure to connect to said 3G standard and protocol occurred in the metropolitan area of Birmingham, Alabama, where plaintiff works, plays, and lives. Furthermore, upon information and belief, said area is a location that provides excellent 3G coverage.

20. Upon information and belief, there have been numerous complaints of inoperability and/or poor performance of 3G services in connection with the Defective iPhone 3G.

21. Plaintiff and the Class have thereby been damaged.

## CLASS ACTION ALLEGATIONS

22. Plaintiff bring this suit as a class action on behalf of herself and on behalf of all others similarly situated (the "Class") pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Plaintiff seeks to represent the following Class:

All persons in the United States who purchased a Defective iPhone 3G

23. This action has been brought and may be properly maintained as a class action for the following reasons:

a. <u>Numerosity</u>: Members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains thousands and perhaps tens of thousands of members. Defendant has manufactured and distributed tens of thousands of Defective iPhone 3Gs throughout the United States. The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible. The precise number of Class members is unknown to Plaintiff.

b. <u>Existence and Predominance of Commons Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class.

These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

    i. whether Defendant breached express and/or implied warranties relating to the sale of its Defective iPhone 3Gs;

    ii. whether Defendant breached any express or implied warranties when they manufactured and sold the Defective iPhone 3Gs;

    iii. the appropriate nature of class-wide equitable relief; and

    iv. the appropriate measurement of restitution and/or measure of damages to award to Plaintiff and members of the Class.

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

    c. <u>Typicality</u>: Plaintiffs claims are typical of the claims of the Class since Plaintiff purchased a Defective iPhone 3G did each member of the Class. Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent class members.

    d. <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class that she seeks to represent; she has retained competent counsel; and counsel intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately

protected by Plaintiff and her counsel.

  e. <u>Superiority</u>: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

  f. Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

  g. In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

## COUNT I: BREACH OF EXPRESS WARRANTY

24. Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this complaint as though set forth in full in this

cause of action.

25. Defendant expressly warranted that the Defective iPhone 3G would be "twice as fast" and would otherwise perform adequately on the 3G standard or protocol.

26. The Defective iPhone 3Gs do not conform to these express representations because they fail to connect and/or adequately maintain a connection to the 3G standard and/or protocol.

27. As a direct and proximate result of the breach of said warranties, Plaintiff and Class members have been injured and are therefore entitled to damages.

## COUNT II - BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

28. Plaintiff and the Class repeat and incorporate herein by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

29. Defendant impliedly warranted that the Defective iPhone 3Gs were merchantable.

30. Defendant breached the implied warranty of merchantability, as the Defective iPhone 3Gs are not merchantable.

31. As a direct and proximate result of the breach of said warranties, Plaintiff and Class members were injured and are therefore entitled to damages.

## COUNT III - UNJUST ENRICHMENT

32. This claim is being plead in the alternative to Counts I through II.

33. Plaintiff and Class members purchased the Defective iPhone 3G

manufactured and distributed by the Defendant based on the understanding that it would perform as advertised. By purchasing Defendant's products, Plaintiff and Class members conferred a tangible economic benefit upon Defendant.

33. Defendant was and continues to be unjustly enriched at the expense of Plaintiff and Class members.

34. Defendant's retention of the benefit conferred upon it by Plaintiff and members of the Class would be unjust.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, on behalf of herself and members of the Class, that this Court:

A. determine that the claims alleged herein may be maintained as a class action under Rule 2S(a), (b)(2), and/or (b)(S) of the Federal Rules of Civil Procedure, and issue order certifying the Class as defined above;

B. award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class members are entitled;

C. award pre-judgment and post-judgment interest on such monetary relief;

D. grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to repair and/or replace its Defective iPhone 3G;

E. award reasonable attorney's fees and costs; and

F. grant such further and other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by struck jury of all issues raised in the foregoing Complaint.

Respectfully Submitted,

/s/ Haydn M. Trechsel
Haydn M. Trechsel
(Ala Bar No. ASB-9795-R44H)
/s/ Edward S. Reisinger
Edward S. Reisinger
(Ala Bar No. ASB-9011-A54R)
Attorneys for Plaintiffs
Trimmier Law Firm
2737 Highland Avenue
Birmingham, Alabama 35205
205-251-3151
205-322-6444